ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| TO GO STORES, LLC<br><br>Recurrido<br><br>v.<br><br>ACF HOLDINGS LLC Y OTROS<br><br>Peticionario | KLCE202500053 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2023CV05931<br><br>Sobre:<br>DAÑOS Y OTROS |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de marzo de 2025.

I.

El 20 de junio de 2023, TO GO Stores, LLC (To Go Stores), instó una *Demanda* sobre sentencia declaratoria, incumplimiento contractual, daños y perjuicios por dolo y error en contra ACF Holdings LLC, Compañía de Seguros ABC (ACF).[1] Alegó que, el 1 de junio de 2018, las partes suscribieron un contrato de arrendamiento mediante el cual To Go Stores arrendó a ACF dos propiedades por el periodo de veinte (20) años, y que el propósito principal del Contrato Inicial fue construir y operar una estación de gasolina y servicios anexos.

To Go Stores sostuvo que, a sabiendas de la condición desfavorable del terreno y sin informárselas a esta, ACF, como arrendadora, se obligó a obtener a su costo todos los permisos pertinentes, estudios, endosos de agencias, entre otros asuntos.[2] Alegó que ACF ha incumplido con el Contrato al faltar a sus

---

[1] Apéndice 5 del recurso, págs. 14-156.
[2] El 3 de junio de 2021 la Oficina de Permisos Urbanísticos de Guaynabo expidió el Permiso de construcción. Luego de imprevistos, dado a que el lote estaba situado parcialmente sobre un vertedero clandestino subterráneo que imposibilitaba la construcción de la estación de gasolina según originalmente se había diseñado.

obligaciones como arrendador y violar su derecho de usar, gozar y disfrutar del bien arrendado. Entre otros asuntos, arguyó que no tiene la obligación de pagar el canon de arrendamiento hasta tanto se consigan todos los permisos requeridos y se culminen las obras de construcción de la estación de gasolina.[3]

El 12 de septiembre de 2023, ACF presentó su *Contestación a Demanda*.[4] Entre otros asuntos, arguyó que la "Enmienda a Contrato de Arrendamiento" constituye una *novación* al contrato inicial, ya que sus cláusulas fueron dejadas sin efecto, o en la alternativa, se dejaron sin efecto las cláusulas cuya redacción es diferente a las del Contrato Inicial.[5] En cuanto a la cláusula DOS (E), alegó que no ocurrieron las circunstancias imprevisibles y que estuvieron completa y totalmente fuera de control de la demandante y su afiliada. Adujo que no procede una sentencia declaratoria, ni que se exima a To Go Stores del pago de los cánones de arrendamiento. Entre las defensas afirmativas esgrimió que, no hubo dolo, como tampoco daños, ni ACF indujo a error a ningún contratante. Arguyó que no procede que los cánones se consignen en el Tribunal y se apliquen a unos supuestos daños, sino que se entreguen a ACF, según el Contrato enmendado y novado.

---

[3] Apéndice 5 del recurso, pág. 26; "En ambos contratos se dispuso que, en el caso de que ocurriera una circunstancia imprevisible, el término para comenzar a pagar se paralizaría. Sin embargo, ciertas agencias gubernamentales no han expedido algunos permisos que faltan por aprobarse, y se le solicitó qué se honraran las cláusulas contractuales pactadas, ACF se negó. De esta manera incumple con el contrato. ACF además ha incumplido al viciar el consentimiento de To Go por medio de dolo y error de manera incidental".

[4] Apéndice 6 del recurso, págs. 157-171.

[5] Luego de varios incidentes, las partes realizaron una enmienda al contrato de arrendamiento. Entre ciertas modificaciones, las partes añadieron la siguiente cláusula:

E) COMIENZO DE VIGENCIA DEL ARRENDAMIENTO Y DE LA OBLIGACIÓN DE PAGAR RENTA: Se enmienda y se elimina en su totalidad el lenguaje del Párrafo Nueve (E) del Contrato de Arrendamiento, sobre la fecha de vigencia o fecha de efectividad del Contrato de Arrendamiento, para que lea como sigue: La Vigencia de vigencia o fecha de efectividad del Contrato de Arrendamiento es el día primero (1ro) de diciembre de 2021, a no ser que las obras de construcción de la Estación de Gasolina se atrasen o paralicen por fuerza mayor o debido a cualquier otra circunstancia imprevisible que esté completa y totalmente fuera del control de la Arrendataria y/o de su afiliada SPOC Construction, en cuyo caso el término de seis (6) meses se paralizaría automáticamente.

El 13 de septiembre de 2023, To Go Stores presentó una *Moción sobre Consignación de Fondos.* Al consignar la cantidad de $8,357.00, explicó que, ACF todavía no tiene derecho a cobrar el canon de arrendamiento, por lo que solicitó que el Foro de instancia autorizara la consignación de fondos hasta tanto la *Demanda* fuera finalmente resuelta.

El 4 de octubre de 2023, el Tribunal de Primera Instancia emitió una *Orden* autorizando la consignación de fondos, "**sin que se entienda como una adjudicación en los méritos de los asuntos en controversia y los derechos de las partes en el presente pleito**".[6] El 7 de febrero de 2024, To Go Stores presentó *Moción sobre Consignación de fondos,* en la cual reiteró lo alegado en la *Demanda,* respecto a que dicha compañía "al amparo de lo pactado entre las partes, la obligación de pagar el canon de arrendamiento no ha comenzado ya que el pago está sujeto a un plazo condicionado, cuya condición no se ha cumplido".[7]

El 1 de noviembre de 2024, ACF presentó *Moción Solicitando se Ordene a la Demandante el Pago de las Rentas Directamente a ACF y que se Prohíban Futuras Consignaciones de Pagos por Concepto de Arrendamiento.* Solicitó al Foro primario ordenara a To Go Stores emitir los pagos por concepto de arrendamiento directamente a ACF, que le sean desembolsados los fondos anteriormente consignados y que se prohíban futuras consignaciones.

---

[6] Apéndice 8 del recurso, pág.175; Notificada el 4 de octubre de 2023.
[7] Apéndice 9 del recurso, pág.176-178; La parte apelante alega que To Go comenzó a hacer consignaciones por primera vez luego del mes de enero de 2024. To Go presentó mociones sobre consignación de fondos en las siguientes instancias: Moción sobre Consignación de Fondos 1 de marzo de 2024; Moción sobre Consignación de Fondos 3 de abril de 2024; Moción sobre Consignación de Fondos 6 mayo de 2024; Moción sobre Consignación de Fondos 5 de junio de 2024; Moción sobre Consignación de Fondos 3 de julio de 2024; Moción sobre Consignación de Fondos 2 de agosto de 2024; Moción sobre Consignación de Fondos 4 de septiembre de 2024; Moción sobre Consignación de Fondos 3 de octubre de 2024; Moción sobre Consignación de Fondos 7 de noviembre de 2024; y Moción sobre Consignación de Fondos 5 de diciembre de 2024.

El 25 de noviembre de 2024, To Go Stores radicó *Moción en Cumplimiento de Orden y Oposición a que se Prohibían Futuras Consignaciones*. Adujo, entre otros temas, que al amparo de lo acordado en el Contrato de arrendamiento con ACF y su enmienda, la obligación de pagar el canon de arrendamiento está sujeto a un plazo condicionado cuya condición no se había cumplido cuando primero presentó la *Demanda* de epígrafe según la cláusula DOS(E) de la Enmienda a Contrato de Arrendamiento. To Go Stores reiteró su solicitud a que los cánones sean consignados hasta tanto se resuelva la *Demanda* incoada.

El 26 de noviembre de 2024, el Tribunal de Primera Instancia emitió un dictamen ordenando que se continúen consignando los pagos, según la *Orden* previamente emitida.[8] El 27 de noviembre de 2024, ACF presentó *Moción de Reconsideración*. El 17 de diciembre de 2024 To Go Stores presentó su *Oposición a Moción de Reconsideración*. El 18 de diciembre de 2024, notificada el 19, el Foro primario declaró No Ha Lugar la solicitud de *Reconsideración* y mantuvo sus órdenes previas "en cuanto a la consignación de los cánones hasta tanto se tome una determinación sobre las controversias planteadas sobre los cánones de arrendamiento".[9]

Inconforme con dicha determinación, el 21 de enero de 2025, ACF compareció ante nos mediante *Certiorari*.[10] Plantea:

**PRIMER ERROR: ¿PUEDE UN ARRENDATARIO DECIDIR UNILATERALMENTE DEJAR DE PAGAR LOS CÁNONES DE ARRENDAMIENTO Y PRIVAR AL ARRENDADOR DE DICHA PRESTACION MEDIANTE UNA CONSIGNACIÓN?**

**SEGUNDO ERROR: ¿PUEDE UN ARRENDATARIO UNILATERALMENTE CONSIGNAR LOS CÁNONES DE ARRENDAMIENTO SIN QUE ESTÉN PRESENTES LOS REQUISITOS DEL ARTÍCULO 1131 DEL CÓDIGO CIVIL?**

---

[8] Apéndice 1 del recurso, pág.1; Notificada el 26 de noviembre de 2024.
[9] Apéndice 4 del recurso, pág. 13.
[10] El 23 de enero de 2025 la parte recurrente presentó *Moción Informativa*.

**TERCER ERROR: ERRÓ EL TPI AL DENEGAR UNA MOCIÓN SOLICITANDO PARA QUE SE ORDENARA A TO GO A PAGAR LOS CÁNONES DE ARRENDAMIENTO A ACF Y CESARA DE CONSIGNAR LOS MISMO, A PESAR DE QUE SE CUMPLIERON TODAS LAS CONDICIONES PARA QUE LA OBLIGACIÓN DE PAGAR CÁNONES EXISTA, TO GO OCUPA EL PREDIO PROPIEDAD DE ACF Y EXPLOTA ECONÓMICAMENTE EN ÉL TRES NEGOCIOS, A SABER, UNA ESTACIÓN DE GASOLINA, UNA TIENDA DE CONVENIENCIAS Y UN RESTAURANTE.**

**CUARTO ERROR: ¿PUEDE UN DEMANDANTE EVADIR PAGAR LOS CÁNONES DE ARRENDAMIENTO DE UN CONTRATO Y EN SU LUGAR, CONSIGNARLOS CON EL PROPÓSITO DE QUE DICHOS CÁNONES SIRVAN PARA EN SU DÍA ASEGURAR LA EFECTIVIDAD DE UNA FUTURA SENTENCIA?**

El 31 de enero de 2025, la parte recurrida presentó *Oposición a la Expedición del Auto de "Certiorari"*. Con el beneficio de la comparecencia de las partes, el derecho y jurisprudencia aplicables, resolvemos.

II.

A.

Para asegurar la efectividad de una sentencia, la Regla 56.1 de Procedimiento Civil[11] autoriza a un tribunal a emitir cualquier orden provisional necesaria, durante y después del pleito.[12] En todo caso, cuando se solicite un remedio provisional, el foro primario considerara los intereses de todas las partes y dispondrá según requiera la justicia sustancial.[13] Para conceder o denegar un remedio provisional, el foro judicial, **en el ejercicio de su discreción**, deberá tomar en cuenta: (1) que sea provisional; (2) que tengan el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar; y (3) que se tomen en consideración los **intereses de todas las partes**.[14]

---

[11] 32 LPRA Ap. V, R. 56.1.
[12] *Id.*
[13] *Id.*
[14] *Citibank* v. *ACBI*, 200 DPR 724, 733 (2018); *Nieves Díaz* v. *González Massas*, 178 DPR 820 (2010).

Sin duda, la Regla 52.1 de Procedimiento Civil,[15] nos concede autorización para intervenir, entre otras instancias, cuando se recurre de: **(1) una resolución u orden bajo las Reglas 56 (Remedios Provisionales)**. De ello trata precisamente el recurso que ha interpuesto ante nos ACF.

El Foro *a quo* autorizó, como medida provisional solicitada por el demandado, que se consignen en el tribunal los fondos reclamados por ACF, hasta tanto el Tribunal resuelva si en efecto este tiene derecho a ellos. Es pues, una determinación cuya revisión podemos ejercer bajo el palio de la Regla 56.

Una vez es debidamente acreditada nuestra autoridad, la Regla 40 de nuestro Reglamento[16] nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. Entre ellos, y a nuestro juicio, aplicable a nuestra decisión, debemos considerar si el remedio y la disposición de la decisión recurrida, son contrarios a derecho, o si la expedición del auto evita un fracaso de la justicia.[17]

En esta segunda etapa de nuestro análisis, consideramos prudente abstenernos de intervenir. Primero, la decisión recurrida trata de una actuación impregnada de **amplia discreción judicial** y no se nos ha convencido de que el Foro recurrido haya abusado de dicha discreción al emitirla. Además, independientemente de los méritos que tenga el reclamo de ACF, su derecho al cobro de lo debido será dilucidado en el pleito en sus méritos y de prevalecer, tendrá la oportunidad de retirar los fondos consignados.

III.

Por los fundamentos antes expuestos, *denegamos* la expedición del Auto de *Certiorari*.

---

[15] 32 LPRA Ap. V, R. 52.1.
[16] 4 LPRA Ap. XXII-B, R. 40.
[17] *Id.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones